**FILED**
**Aug 07, 2019**
**11:37 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | |
|---|---|
| **Barry W. Burbank,** | ) Docket No.: 2018-01-0780 |
| **Employee,** | ) |
| **v.** | ) **State File No.: 85286-2018** |
| **Cross Constr. & Land Svcs., Inc.,** | ) |
| **Uninsured Employer.** | ) **Judge Audrey Headrick** |

---

### EXPEDITED HEARING ORDER

---

Mr. Burbank requested that Cross Construction & Land Services, Inc. (Cross Construction) provide medical and temporary disability benefits for a right-leg injury. Cross Construction neither responded to Mr. Burbank's request nor appeared for the August 1, 2019 Expedited Hearing. For the reasons below, the Court awards medical benefits but denies the claim for temporary disability benefits.

### History of Claim

Mr. Burbank, a heavy equipment operator, alleged he injured his right leg with a chain saw on September 12, 2018, while cutting a tree stump at the direction of James Cross, shareholder of Cross Construction, and the jobsite developer. He was alone at the time of the accident, so he immediately called 9-1-1 and Mr. Cross.

According to Mr. Burbank, Mr. Cross told him to obtain any medical treatment needed and provide him with the bills for payment, since his workers' compensation insurance lapsed the day before. He traveled by ambulance to the hospital, where a medical provider sutured the wound and referred him to a surgeon, Dr. Marc A. Campbell.

Mr. Burbank testified that after he left the hospital, Mr. Cross told him to stop by his house. Mr. Cross gave him $200.00 for prescription medications/supplies and told him to take time off work to heal. Mr. Burbank stated that, weather-permitting, he typically worked forty hours a week at an hourly rate of $16.50. Mr. Cross paid Mr.

Burbank $165.00 for a two-week period. He did not provide Mr. Burbank with any other medical or temporary disability benefits.

Mr. Burbank returned to the emergency room on September 18 due to a wound infection, but he did not submit those medical records. After two weeks off, Mr. Burbank stated the medical provider cleared him to return to work.

Upon Mr. Burbank's return, his work hours decreased. His supervisor told him there was no work available. Due to the lack of work, Mr. Burbank resigned on October 25 and found employment elsewhere as a forklift operator.

Mr. Burbank testified that in November or December, he started experiencing consistent right-foot numbness and excruciating pain. As a result, he had to leave his forklift operator job. However, Mr. Burbank has not obtained any medical treatment since September, and he has incurred over $11,000.00 in medical bills.

Mr. Burbank notified the Bureau of Workers' Compensation of his injury on November 5 and filed a Petition for Benefit Determination on November 7. The Bureau's Compliance Unit investigated and prepared an Expedited Request for Investigation Report, noting that Cross Construction admitted it was uninsured at the time of Mr. Burbank's injury. Further, it did not dispute that the work injury occurred as Mr. Burbank described.[1]

## Findings of Fact and Conclusions of Law

### Standard Applied

At an expedited hearing, Mr. Burbank must present sufficient evidence to prove he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). The Court holds he would likely prevail in his claim for medical benefits but not temporary disability benefits. The Court additionally holds that Mr. Burbank, a Tennessee resident at the time of his injury, suffered an injury arising primarily out of and in the course and scope of his employment on September 12, 2018, and gave notice to the Bureau within sixty days of that injury.

### Medical Benefits

Under the Workers' Compensation Law, an employer must "furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably

---

[1] The investigator also noted Mr. Cross asserted that he instructed Mr. Burbank not to operate the chainsaw, but he did so anyway. As noted, Cross Construction did not file any response to Mr. Burbank's Request for Assistance and did not participate in any hearings, including the Expedited Hearing. Therefore, the Court gives no weight to Mr. Cross's assertion to the investigator.

necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a). To receive benefits, Mr. Burbank must show, to a reasonable degree of medical certainty, that the September 12, 2018 incident "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14).

Here, the evidence submitted is sufficient to show that Mr. Burbank cut his leg with a chainsaw at work on September 12. The Court finds the submitted bills reasonable, necessary and related to the work incident. The Court further holds that Cross Construction must pay for Mr. Burbank's past and ongoing medical treatment for the work injury.

*Temporary Disability Benefits*

Mr. Burbank also requested temporary disability benefits. There are two kinds: temporary total and temporary partial. To receive temporary total disability benefits, Mr. Burbank must prove (1) he became disabled from working due to a compensable injury; (2) a causal connection exists between the injury and his inability to work; and (3) he established the duration of his disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Concerning temporary partial disability benefits, Mr. Burbank is eligible for benefits if he earned less than his average weekly wage due to work restrictions. *See* Tenn. Code Ann. § 50-6-207(2)(A).

Here, Mr. Burbank might be entitled to past temporary disability benefits. However, he submitted no medical proof reflecting any work restrictions. Thus, the Court must deny his request for temporary disability benefits at this time.

*Compliance Program Referral*

The Compliance Program is specifically authorized to assess penalties under the Workers' Compensation Law as well as the General Rules of the Workers' Compensation Program. Since Cross Construction failed to have workers' compensation coverage, file a First Report of Work Injury, and provide medical treatment and a panel of physicians, the Court refers this matter to the Compliance Program for consideration of any applicable penalties.

*Payment of Benefits*

Cross Construction must provide medical and temporary disability benefits. However, since it did not have workers' compensation insurance at the time of the injury, the Uninsured Employers Fund (UEF) has *discretion* to pay *limited* temporary disability benefits and medical expenses if certain criteria are met. (See attached Benefits Request Form.) Mr. Burbank must establish, through his testimony, medical records, and the Bureau's Compliance report, that he has proved or is likely to prove that he: 1) worked

3

for an uninsured employer; 2) suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015; 3) was a Tennessee resident on the date of injury; 4) provided notice to the Bureau of the injury and of the employer's lack of coverage within sixty days of the injury; and, 5) secured a judgment for workers' compensation benefits against Cross Construction for the injury. Tenn. Code Ann. § 50-6-801(d)(1)-(5). The Court finds Mr. Burbank satisfied all of these requirements.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Burbank's request for temporary disability benefits at this time.

2. Marc A. Campbell, DO shall be the authorized treating physician. Cross Construction shall provide Mr. Burbank with ongoing medical treatment for his September 12, 2018 work injury under Tennessee Code Annotated section 50-6-204. Further, upon presentment of bills by Mr. Burbank or his treating providers, Cross Construction shall pay all past expenses incurred for treatment of his work-related injury by, or upon the direction of, the following: 1) Anderson County EMS; 2) UT Medical Center; 3) University Radiology; 4) University General Surgeons, P.C.; 5) Southeastern Emergency Physicians; and, (6) Starr Regional Medical Center.

3. This case is set for a Status Hearing on Tuesday, October 1, 2019, at 12:30 p.m. Eastern Time. The parties must call (423) 634-0164 or toll-free at (855) 383-0001 to participate. Failure to call may result in a determination of the issues without your participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

4

**ENTERED August 7, 2019.**

_Audrey Headrick_

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

5

## APPENDIX

Exhibits:

1. Expedited Request for Investigation Report
2. University of Tennessee medical records
3. Billing statements:
   a. Anderson County EMS
   b. UT Medical Center
   c. University Radiology
   d. University General Surgeons, P.C.
4. Affidavit of Barry William Burbank with attachments:
   a. Text messages with supervisor, "Sonny"
   b. Text messages with boss, "Bo"
   c. Billing statements, including Southeastern Emergency Physicians and Starr Regional Medical Center
   d. Photos of injured leg
5. Payroll records

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Show Cause Order
4. Notice of Show Cause Hearing
5. Request for Expedited Hearing
6. Order Setting Expedited Hearing
7. Notice of Expedited Hearing
8. Motion to Continue
9. Order Granting Motion to Continue
10. Notice of Status Hearing
11. Order Setting Expedited Hearing
12. Notice of Expedited Hearing

6

# CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent as indicated on August 7, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Barry Burbank, Employee | X | | tazzy100190@gmail.com<br>200 County Road 298<br>Sweetwater, TN 37874 |
| Cross Constr. & Land Svs., Inc., Uninsured Employer | X | | **Attn: James Cross**<br>425 Myrtle Ward Road<br>Philadelphia, TN 37846 |
| Amanda Terry, Compliance Program | | X | WCCompliance.program@tn.gov<br>Amanda.terry@tn.gov |
| LaShawn Pender | | X | lashawn.pender@tn.gov |

Penny Shrum, Clerk of Court
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

7



**Filed Date Stamp Here**

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work
wc.ombudsman@tn.gov
1-800-332-2667

## REQUEST FOR BENEFITS FROM THE UNINSURED EMPLOYERS FUND

Eligible employees may use this form to request benefits from the Uninsured Employers Fund (UEF) if they are injured while working for an employer that failed to provide:

1. Workers' compensation insurance as required by the TN Workers' Compensation Law; and,
2. Medical and/or disability benefits as required by the TN Workers' Compensation Law.

This form **MUST be completed and sent via certified mail** to the following address:

Tennessee Bureau of Workers' Compensation
ATTN:  UEF Benefit Manager
Uninsured Employers Fund
220 French Landing Drive, Suite 1B
Nashville, TN 37243-1002.

This form MUST be sent within sixty (60) calendar days after the claim is over and MUST include:

1. A court order stating your employer owes you benefits and that you may request UEF benefits;
2. A completed Internal Revenue Service (IRS) Form, W-9 Request for Taxpayer Information and Certification available at www.irs.gov; and
3. A completed Bureau of Workers' Compensation Form C31 Medical Waiver and Consent available on the "Forms" link at www.tn.gov/workerscomp.

I certify that I believe I am eligible for benefits from the UEF; that my employer has not paid all or part of the benefits I am due; and my employer has not complied with an order issued by the Court of Workers' Compensation Claims.

I, _____, request benefits from the Uninsured Employers Fund.
    (Print Your Name)

_____
Signature                                                          Date

Tennessee Law allows the State of Tennessee to recover payments made by the UEF for temporary disability benefits or medical benefits. An agreement between you and your employer for payment of benefits must be pre-approved by the UEF before being approved by a workers' compensation judge.

LB-3284 (NEW 4/19)                                                          RDA 10183



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

to the Workers' Compensation Appeals

_____ Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant]  _____



### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| | | | | |
|---|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____